IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IONE ROUSSEAU and MARCELO MARTINEZ, on Behalf of Themselves and Others Similarly Situated, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No.  SA-09-CV-651-XR |
| FREDERICK'S BISTRO, LTD and FREDERICK F. COSTA, | § § § § | |
| *Defendants*. | § | |

**ORDER ON MOTION FOR CONDITIONAL CERTIFICATION**

On this day the Court considered Plaintiffs' Motion for Conditional Class Certification and Notice to Potential Class Members (Docket Entry No. 13).  Having considered the motions, affidavits, and applicable case law, the Court GRANTS Plaintiffs' Motion for Conditional Class Certification and for Notice to Putative Class.

**Background**

Plaintiffs, Ione Rousseau and Marcelo Martinez, bring this complaint on behalf of themselves and others similarly situated against the Defendants, Frederick's Bistro, Ltd. and Frederick F. Costa, for alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219.  The Defendants own a domestic company that operates Frederick's Bistro in San Antonio, Texas, and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA because its annual gross volume of sales exceeds $500,000.[1]

---

[1] Original Answer of Defendants, Sept. 15, 2009 (Docket Entry No. 7) (Defendants admit that they are an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA).  An enterprise is engaged in commerce or in the production of goods for

The Plaintiffs worked for Defendants and contend they received less than minimum wage in violation of the FLSA. The Plaintiffs claim that Frederick's Bistro and Costa violated the Act by paying overtime based on the tip credit rate of $2.13 per hour rather than the full minimum wage.[2] The bistro's employees were able to acquire tips from customers, however, those tips were required to be placed in a mandatory tip pool. The Plaintiffs argue that the Defendants allowed all employees to take part in the tip pool, including those who do not customarily and regularly receive tips within the meaning of FLSA, making the tip pool invalid.

## Procedural History

Plaintiffs have filed this Motion for Conditional Class Certification and for Notice of Putative Class Members requesting that this Court allow the suit to proceed as a collective suit pursuant to the FLSA[3], and allow them to receive the names, addresses, and telephone numbers of the potential class members of the past three years in order to efficiently distribute the suggested notice.[4] Defendants responded, arguing that Plaintiffs' motion was untimely.[5] The Plaintiffs replied to the Defendants' objection by asserting that the Defendants misconstrued the application of the deadlines

---

commerce if it meets the definition in the FLSA. 29 U.S.C. § 203(s)(1).

[2] 29 U.S.C. § 203(m) (permitting employers to take advantage of a 'tip credit' in order to meet the federal minimum wage requirements with respect to tipped employees).

[3] 29 U.S.C. § 216(b) (permitting collective action where employer's FLSA violation results in multiple similarly situated employees).

[4] Pl.'s Mot. for Conditional Certification & Notice to Potential Collective Class Members, Dec. 15, 2009 (Docket Entry No. 13).

[5] Obj. to Pl.'s Mot. for Conditional Certification & Notice to Potential Collective Class Members, Dec. 28, 2009 (Docket Entry No. 14).

in the local rules.[6]  Defendants filed a sur-reply without seeking leave of the Court,[7] to which Plaintiffs replied upon being granted leave.[8]

**Analysis**

The Defendants argue that the Plaintiffs have not met the standard to grant a Conditional Class Certification and for Notice to Putative Class Members.  They claim that Plaintiffs' motion is untimely and therefore should be waived.  Frederick's Bistro and Costa contend that Local Rule CV-23 of Western District of Texas requires a motion for class certification to be filed thirty days after any defendant's first pleading.  *See* L.R. CV-23 (W.D. Tex).  They argue that since the filing of the motion was more than thirty days after September 15, 2009—the date Plaintiffs filed this suit—the motion is untimely and constitutes a waiver for the requested class action.

The Plaintiffs replied that Defendants misconstrue Local Rule CV-23, which applies to Federal Rule of Civil Procedure 23 class actions and not FLSA collective actions.  The Plaintiffs rely on numerous cases to illustrate a FLSA collective action differs from a Rule 23 class action.[9]  FLSA collective actions and Rule 23 class actions are "mutually exclusive and irreconcilable."  *LaChapelle*

---

[6]Pl.s' Reply in Support of Conditional Certification, Dec. 30, 2009 (Docket Entry No. 15).

[7]Def.s' Resp. to Pl's Reply, Jan. 5, 2010 (Docket Entry No. 16).

[8]Pl.s' Reply to Def.s' Resp., Jan. 18, 2010 (Docket Entry No. 18).

[9]*See Baldridge v. SBC Commc'ns, Inc.*, 404 F.3d 930, 932 (5th Cir. 2005) ("The deadline for class certification under [the district] court's Local Rule 23 does not apply to the motion for certification of a collective action under section 216(b) of the FLSA."); *Clark v. Wells Fargo Fin., Inc.*, No. 1:08-CV-343, 2008 WL 4787444, at *8 n.8 (M.D.N.C. Oct. 30, 2008) ("[T]he 90-day deadline for class certification under this court's Local Rule 23 does not apply to the motion for certification of a collective action under section 216(b) of the FLSA"); *Cone v. Dekra Emission Clerk, Inc.*, No. 3:04-CV-1191-B, 2004 WL 2186550, at *2 (N.D. Tex. Sept. 23, 2004) (same result under Local Rule 23.2 of the Northern District of Texas).

*v. Owens-Illinois, Inc.*, 513 F.3d 286, 289 (5th Cir. 1975).  The Defendants' counter-reply concedes that a FLSA collective action is different from a Rule 23 class action. However, the Defendants argue that the Fifth Circuit has not decided if the FLSA class action is entirely separate from a Rule 23 class action.

Minimum wage requirements are provided under the FLSA. 29 U.S.C. § 203(m).  Under this provision employers can use a tip credit to meet the federal minimum wage requirements.  An employer may compensate a tipped employee the reduced amount required by the minimum wage requirements if certain elements are met.  The two requirements are: "the employee must be informed by the employer of the provisions of this subsection and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips."  *Id.*  The two requirements must be satisfied if an employer is to be eligible for the tip credit, and if the requirements are not satisfied, the full minimum wage must be paid to the employee.  *Id.* § 206.

Local Rule CV-23 states that a plaintiff must move for class certification within thirty days after any defendant's first pleading is filed or the class certification is waived.  L.R. CV-23.  Both parties concede that class actions pursuant to Federal Rule of Civil Procedure 23 and FLSA collective actions are inherently different.  In a Rule 23 class action, parties must "opt-out" to no longer become part of the lawsuit while parties must "opt-in" if they want to be part of the collective action under the FLSA.[10]  The parties disagree as to whether Local Rule CV-23 applies to collective

---

[10] *Compare* Fed. R. Civ. P. 23(c)(2)("The court will exclude from the class any member who requests exclusion"), *with* 29 U.S.C. § 216(b) ("No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.").

actions. The Defendants contend that since the Local Rule applies to *any* class action, the Plaintiffs' Motion for Conditional Certification is untimely and the Plaintiffs have waived the right to a class action. Defendants reasoning is incorrect. Appendix A to the Local Rules provides further explanation of Local Rule CV-23 and outlines the same requirements of Federal Rule of Civil Procedure 23.[11] Moreover, the Fifth Circuit has noted that a FLSA action is not a Rule 23 class action. *Baldridge v. SBC Commc'ns, Inc.*, 404 F.3d 930, 932 (5th Cir. 2005).

This Court applies the two-step approach of *Lusardi v. Lechner*, 855 F.2d 1062 (3d Cir. 1988), in regard to giving notice to putative class members.[12] *Bernal v. Vankar Enterps., Inc.*, No. SA-07-CA-695-XR, 2008 WL 791963, at *3 (W.D. Tex. Mar. 24, 2008); *Neagley v. Atascosa County EMS*, No. SA-04-CA-893-XR, 2005 WL 354085, at *3 (W.D. Tex. Jan. 7, 2005). At the first stage, the Court determines whether or not to send notice of the action to potential class members. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14 (5th Cir. 1995). To make this determination, the Court should look only to the pleadings and affidavits. *Id.* at 1214. The "decision to create an opt-in class under §126(b), like the decision on class certification under Rule 23, remains soundly within the discretion of the District Court." *Wajcman v. Hartman & Tyner, Inc.*, No. 07-61472-CIV,

---

[11] *Compare* Fed. R. Civ. P. 23(a) ("One or more of the class members of a class may sue or be sued as representative parties on behalf of all members only if: (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class and; (4) the representative parties will fairly and adequately protect the interests of the class."), *with* L.R. CV-23 app. A ("A statement respecting the four prerequisites of Federal Rules of Civil Procedure 23(a). The statement shall set forth: (a) the anticipated number of class members and how this number was determined; (b) the common questions of law and/or fact involved; (c) the reasons why plaintiff's claim is typical of those of the other class members; (d) the reason why representation by the named plaintiff is adequate to protect the interest of the class.").

[12] District courts apply either of two approaches: those adopted in *Lusardi v. Lechner*, 855 F.2d 1062 (3d Cir. 1988), or *Shushan v. Univ. of Colorado*, 132 F.R.D. 263 (D. Colo. 1990).

2008 WL 203579, at *1 (S.D. Fla. Jan. 23, 2008). If the conditional certification is granted, the case continues through discovery as a representative action, and after discovery is completed, the defendant typically files a motion for decertification. *Mooney*, 54 F.3d at 1214. At the second stage, the Court determines whether the putative class members are similarly-situated, and if they are, then the representative action can continue. *Id.* If they are not similarly-situated, then the class should be decertified, the opt-in plaintiffs dismissed, and the class representatives should be allowed to proceed on their individual claims. *Id.*

This Court determines that the putative class is similarly-situated based on the Defendants acknowledgment of other servers who performed the same job duties as the Plaintiffs.[13] "The decision to conditionally certify a class at the notice stage is lenient." *Bernal*, 2008 WL 791963, at *4. The Plaintiffs have met the lenient standard for conditional certification. The Plaintiffs have documents of Defendants' policies of paying its servers less than the minimum hourly wage. The Plaintiffs have provided pleadings, sworn testimony, spreadsheets, and further documentation in support of their allegations, and that there are other employees who are similarly-situated that would need notice of the collective action.

## CONCLUSION

For the foregoing reasons, the Court finds that Plaintiffs' allegations are sufficient to allow an initial conditional certification of the case as a collective action. Therefore the Court GRANTS the Plaintiffs' Motion for Conditional Class Certification and for Notice to Putative Class Members. To facilitate the progression of this case through a final determination of the collective action status,

---

[13]Def.s' Original Answer, Sept. 15, 2009 (Docket Entry No. 7) (Defendants admit that they employed other servers who performed job duties similar to those performed by Plaintiffs, such as serving food and drinks to customers).

the Court ORDERS the Defendants to provide the Plaintiffs with a list of the names and last known addresses of all current and former servers employed by the Defendants at anytime from August 11, 2006, to the present within fourteen (14) days of the date of this Order. It is further ORDERED that upon receipt of said list by the Plaintiffs, the Plaintiffs shall, within ten (10) days mail the notice and form attached as Exhibit 4 to Plaintiffs' Motion for Conditional Certification and Notice to Potential Class members to those employees identified by the Defendants with a date specific deadline for opting-in that is sixty (60) days from the date of the mailing of the notices.

It is so ORDERED.

SIGNED this 7th day of April, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE