IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IONE ROUSSEAU and MARCELO MARTINEZ, on Behalf of Themselves and Others Similarly Situated, | § § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No.  SA-09-CV-651-XR |
| FREDERICK'S BISTRO, LTD and FREDERICK F. COSTA, | § § § § | |
| *Defendants*. | § | |

**ORDER ON MOTION FOR CONTINUANCE**

On this day, the Court considered the parties' Joint Motion for Continuance (Docket Entry No. 36).  On October 21, 2009, the Court entered a Scheduling Order setting a deadline for dispositive motions on May 21, 2010 and setting this case for jury selection and trial on August 2, 2010.

The Court granted Plaintiffs' motion for conditional class certification, and recognizing the time constraint the order placed on the parties, their joint motion to extend the deadline for filing dispositive motions was extended to June 21, 2010.  The parties claimed that they were actively engaging in settlement discussions and preferred to avoid the transaction costs associated with filing/responding to dispositive motions.

On June 17, 2010, the Court granted another joint motion to extend the deadline for filing dispositive motions to July 13, 2010.  The parties were warned that the new deadline would not provide the Court with sufficient time to rule on any dispositive motions prior to the established trial date.  The parties stated that they were actively engaging in settlement negotiations and preferred to

avoid the transactions costs associated with filing/responding to dispositive motions.

On July 8, 2010, the Court granted in part and denied in part the parties' request to extend the deadline to file pretrial submissions, noting that the requested deadline was after the date for pretrial conference.

Now, on the date that dispositive motions are due, Plaintiffs' counsel has filed an advisory with the Court claiming to have a pre-paid vacation on the date that the trial is scheduled. Counsel's advisory acknowledges that trial is scheduled for August 2, 2010, but in spite of knowing this, he claims that if the case goes to trial on its scheduled trial date, it "would significantly impair Plaintiffs' ability to prepare for and attend trial."

The parties have also moved for a continuance of 45 to 60 days so that they may file dispositive motions, pretrial submissions, and prepare for trial. In spite of their claims that they are actively engaged in settlement negotiations and seek to avoid the expenses of filing and responding to dispositive motions, they state that "the Court may be able to resolve some of the legal issues by way of dispositive motions."

"When the question for the trial court is a scheduling decision, such as whether a continuance should be granted, the judgment range is exceedingly wide, for, in handling its calendar and determining when matters should be considered, the district court must consider not only the facts of the particular case but also all of the demands on counsel's time and the court's." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1193 (5th Cir. 1986). Plaintiffs' counsel has been aware since October 21, 2009, that trial was scheduled for August 2, 2010. Any prejudice to the Plaintiffs would be the result of counsel's failure to abide by the Court's scheduling order. The parties have repeatedly sought extensions to the deadlines claiming to be actively engaged in settlement negotiations. When

those deadlines threatened to interfere with the Court's ability to fully consider dispositive motions and the trial date, the parties were warned but continued to seek the extensions anyway. None of the parties' pleadings have taken the Court's schedule, docket, or need to balance its multiple criminal and civil caseloads when establishing a scheduling order into consideration.

In granting the parties' initial request for an extension of the deadline, the Court was mindful of counsels' time in light of the date that it granted the motion for conditional class certification. In setting its deadlines, the Court must also consider its own time.

Because the motion is filed at the request of Plaintiffs and Defendants, the Court will GRANT the continuance. A scheduling order setting a deadline for dispositive motions, the date for pretrial submissions, a date for pretrial conference, and a date for jury selection/trial will be forthcoming. Having considered the caseload and schedule of the United States District Court for the Western District of Texas when the amended scheduling order is issued, no further extensions of time or modifications to that scheduling order will be granted.

It is so ORDERED.

SIGNED this 14th day of July, 2010.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE